JAMES H. DEMOURELLE & SONS, INC., v. HORTMAN-SALMEN CO., INC.

———

(June 24, 1929.   Opinion and Decree.)

———

Baldwin J. Allen, of New Orleans, attorney for plaintiff, appellee.

H. Mayo, of New Orleans, attorney for defendant, appellant.

HIGGINS, J.   Plaintiff sued defendant for damages resulting from an automobile collision.   Defendant denied liability and pleaded contributory negligence and doctrine of last clear chance.   There was judgment in favor of plaintiff and defendant has appealed.

The evidence shows that plaintiff's automobile was going in the direction of the lake on Lapeyrouse Street, which is a two-way street, and defendant's truck was going in the direction of the river on Lapeyrouse Street.   There was a truck parked on the uptown side of Lapeyrouse Street at a forty-five degree angle with its front extending towards the center of the street. The street is twenty-two feet wide, paved

and sloping towards the gutter on each side of the street. Defendant's truck had a trailer attached to it and was going between 10 and 15 miles per hour at the time of the accident. The parked truck was in the path of the defendant's truck and, therefore, the driver of the defendant's truck should have slowed down or stopped so as to permit plaintiff's automobile to proceed on its way. Instead of slowing down or stopping the defendant's truck proceeded to go around the parked truck and there not being room for plaintiff's and defendant's machines to pass simultaneously, plaintiff stopped his automobile on his extreme right hand side to allow defendant's truck to pass between the parked truck and plaintiff's automobile. The defendant's truck actually passed between the two machines but the trailer struck the left front wheel and side of plaintiff's car, knocking the wheel completely off and breaking the axle in two.

The plaintiff had the right of way and the court does not find that defendant's truck had gained the right of way by reaching the parked truck first. The driver of each machine saw the other approaching. Plaintiff had a right to assume that the defendant's truck would not continue to proceed when it was apparent to the driver thereof, that the right hand side of the road was blocked and that there was not room enough on his left hand side for both plaintiff's and defendant's machines to simultaneously pass.

We have reached the conclusion that defendant's negligence was the sole proximate cause of the accident.

The diligent counsel for defendant has cited the case of Jefferson vs. Caddo Transfer Company, 4 La. App. 377, which was an automobile accident damage case and on page 380, the court said:

"The plaintiffs carried the burden of making out their case beyond a reasonable doubt. We cannot say from the evidence that they have discharged that burden."

We must respectfully decline to follow such a rule because it has been the uniform jurisprudence in this State, that in a civil case the plaintiff carries the burden of proving the case by preponderance of evidence but not beyond a reasonable doubt, which is the rule only in criminal cases.

As to the quantum of damage, plaintiff's automobile being a Hudson car, plaintiff took it to the Hudson agency for the purpose of having it repaired. The evidence shows that he paid the repair bill and the representative of the Hudson agency testified that the repairs were reasonable. These repairs were caused by the accident and plaintiff had a right to have all damages caused by the defendant's fault, properly repaired.

The judge of the lower court gave judgment for plaintiff and we find nothing in the record which would justify us in disturbing his finding.

For the reasons assigned the judgment appealed from is affirmed.